ORIGINAL

# In the United States Court of Federal Claims

No. 14-557C

(Filed: September 23, 2014)

**(NOT TO BE PUBLISHED)**

FILED
SEP 2 3 2014
U.S. COURT OF
FEDERAL CLAIMS

```
*************************************
                                     )
DENNY-RAY HARDIN,                    )
                                     )
              Plaintiff,             )
                                     )
      v.                             )
                                     )
UNITED STATES,                       )
                                     )
              Defendant.             )
                                     )
*************************************
```

Denny-Ray Hardin, *pro se*, Pekin, Illinois.

Eric E. Laufgraben, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the briefs were Stuart F. Delery, Assistant Attorney General, Civil Division, Robert E. Kirschman, Jr., Director, and Steven J. Gillingham, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

Plaintiff, Denny-Ray Hardin, is currently serving a 120-month sentence in Federal prison. *See* Def.'s Mot. to Dismiss ("Def.'s Mot.") at 1, ECF No. 4; *see also* Order Finding Def. Guilty, *United States v. Hardin*, No. 10-00131-01-CR-W-GAF (W.D. Mo. Sept. 14, 2011).[1]  Mr. Hardin alleges numerous constitutional and statutory violations attendant to his conviction and subsequent incarceration. *See* Compl. at 1-3. Pending before the court is the government's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of

---

[1] In 2011, Mr. Hardin was found guilty of 21 counts of fraud in violation of 18 U.S.C. § 514 (creating fictitious obligations) and 18 U.S.C. §1341 (mail fraud & mail fraud affecting a financial institution).

the Court of Federal Claims ("RCFC") and for failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6). *See* Def.'s Mot. at 1.[2]

## BACKGROUND

Mr. Hardin broadly avers that Attorney General Eric Holder, the Department of Justice, the federal judiciary, and unidentified attorneys are acting as agents of the "'Corporate' United States of America," in denying him various rights afforded by the United States Constitution. Compl. at 1. Mr. Hardin specifically claims that the federal officials and entities "transgressed the [First] Amendment" and violated the Fourth Amendment's prohibition against unreasonable searches and seizures, the Fifth Amendment's right to due process, the Sixth Amendment's right to a fair and speedy trial, and the Eighth Amendment's prohibition against excessive bail and cruel and unusual punishment. Compl. at 2-3; *see also* Pl.'s Response to Def.'s Motion to Dismiss ("Pl.'s Opp'n") at 3-8, ECF No. 6. He also alleges violations of federal criminal statutes including 18 U.S.C. §§ 241, 1203, 1918, 1951, and 2384. Compl. at 2-4. Mr. Hardin contends that Attorney General Holder leads this unconstitutional conduct by controlling the Department of Justice. Compl. at 4. Finally, Mr. Hardin contends there is "total '[i]nsurrection'" of the Judicial Branch in violation of 10 U.S.C. § 333 (Interference with state and federal law), Compl. at 3, and that members of the judiciary have engaged in a breach of contract by violating their oath and obligation to administer justice under 28 U.S.C. § 453. Pl.'s Opp'n at 9.[3]

In terms of relief, Mr. Hardin demands an "'Order of Release' from involuntary servitude of [Attorney General] Holder," approximately 22.5 trillion dollars in damages in the form of reparations "established for 'war crimes' by the 'Geneva Convention[s],'" and punitive damages against the United States for its agents' actions. Compl. at 7-8.[4]

---

[2] By order entered August 22, 2014, the court granted Mr. Hardin's application to proceed *in forma pauperis*.

[3] Notably, this court has no jurisdiction to hear claims against individuals or officers of the United States, including attorneys and judges. *See Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003). The United States is the "*only* proper defendant" that can be brought before this court. *Id.* (emphasis in original) (citing *United States v. Sherwood*, 312 U.S. 584, 589 (1941)).

[4] Mr. Hardin previously filed a "Petition to Lawfully Challenge the Unlawful Detention of 'Americans'" in this court against Barack Obama, the United States of America, Inc., and several federal organizations. Compl., *Hardin v. United States*, No. 13-812C (Fed. Cl. Oct. 18, 2013), at 1. In the complaint, Mr. Hardin alleged that the federal government carried out several crimes and was accountable for numerous constitutional violations involving his conviction and the incarceration of all federal prisoners. *See id.* The court ruled that it lacked subject matter jurisdiction to hear Mr. Hardin's claims, citing 28 U.S.C. § 1491(a)(1), and granted the government's motion to dismiss without prejudice. Order Granting Def.'s Mot. to Dismiss, *Hardin v. United States*, No. 13-812C (Fed. Cl. Feb. 20, 2014). Mr. Hardin appealed the dismissal to the United States Court of Appeals for the Federal Circuit, Pl.'s Notice of Appeal, *Hardin v. United States*, No. 13-812C (Fed. Cl. Mar. 24, 2014), but upon failure to timely pay

## STANDARDS FOR DECISION

### A. *Subject Matter Jurisdiction*

Mr. Hardin contends that the court has jurisdiction over his claims pursuant to the Tucker Act, 28 U.S.C. § 1491. *See* Pl.'s Opp'n at 1. The Tucker Act confers jurisdiction on this court to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act serves as a waiver of sovereign immunity, authorizing a claimant to sue the United States for monetary damages. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The Tucker Act alone, however, does not provide a substantive right to monetary relief against the United States. *United States v. Testan*, 424 U.S. 392, 398 (1976); *see also Martinez v. United States*, 333 F.3d 1295, 1302-03 (Fed. Cir. 2003) (en banc). "A substantive right must be found in some other source of law." *Mitchell*, 463 U.S. at 216. To satisfy the jurisdictional requirements of the Tucker Act, the plaintiff must establish an independent right to monetary damages by pointing to a substantive source of law that mandates payment from the United States for the injury suffered. *Testan*, 424 U.S. at 400; *see also Ferreiro v. United States*, 501 F.3d 1349, 1351-52 (Fed. Cir. 2007) (quoting *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)).

Before proceeding to the merits, the "court must satisfy itself that it has jurisdiction to hear and decide a case." *Hardie v. United States*, 367 F.3d 1288, 1290 (Fed. Cir. 2004) (quoting *PIN/NIP, Inc. v. Platte Chem. Co.*, 304 F.3d 1235, 1241 (Fed. Cir. 2002)) (internal quotation marks omitted). When deciding a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, the court will "normally consider the facts alleged in the complaint to be true and correct." *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The plaintiff bears the burden of "alleg[ing] in his pleading the facts essential to show [subject matter] jurisdiction" by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *see also Reynolds*, 846 F.2d at 748.

### B. *Failure to State a Claim*

To survive a motion to dismiss for failure to state a claim, the plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). Moreover, the facts alleged must "'plausibly suggest[] (not merely [be] consistent with)' a showing of entitlement to relief." *Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009), (quoting

---

docketing fees required under Federal Circuit Rule 52(a)(1), Mr. Hardin's notice of appeal was dismissed, Order Dismissing Pl.'s Notice of Appeal, *Hardin v. United States*, No. 14-5066 (Fed. Cir. May 7, 2014).

*Twombly*, 550 U.S. at 557). Although the complaint "does not need detailed factual allegations," *Twombly*, 550 U.S. at 545, it must put forward more than "'naked assertion[s] devoid of 'further factual enhancement,'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557) (alteration in original), or "the-defendant-unlawfully-harmed-me-accusation[s]," *id.* (citing *Twombly*, 550 U.S. at 555). In making a determination whether the plaintiff has pled adequate facts such that the court may infer that his entitlement to relief is plausible—not merely possible—the court must "draw on its judicial experience and common sense," *Iqbal*, 556 U.S. at 679, and "must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to the plaintiff," *Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009) (citing *Papasan v. Allain*, 478 U.S. 265, 283 (1986); *Gould, Inc. v. United States*, 935 F.2d 1271, 1274 (Fed. Cir. 1991)).[5]

## ANALYSIS

### A. Subject Matter Jurisdiction

Mr. Hardin's asserted violations of the First, Fourth, Fifth, Sixth, and Eighth Amendments of the United States Constitution are jurisdictionally unavailing. "Although this court may exercise jurisdiction over claims 'founded . . . upon the Constitution,' the scope of this court's jurisdiction over constitutional claims is limited to claims arising under provisions of the Constitution that mandate the payment of money." *Miller v. United States*, 67 Fed. Cl. 195, 199 (2005) (citing 28 U.S.C. § 1491). It is well established that the First, Fourth, Fifth,[6] Sixth, and Eighth Amendments, by themselves, are not money-mandating. *See United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) ("[T]he [F]irst [A]mendment, standing alone, cannot be so interpreted to command the payment of money.") (citing *Featheringill v. United States*, 217 Ct. Cl. 24, 32-3 (1978)); *LaChance v. United States*, 15 Cl. Ct. 127, 130 (1988) ("[T]he [F]ourth [A]mendment does not mandate the payment of money by the United States.") (citing *Shaw v. United States*, 8 Cl. Ct. 796, 800 (1985)); *Milas v. United States*, 42 Fed. Cl. 704, 710 (1999) ("[T]he Fifth and Sixth Amendments are not money mandating."), *aff'd*, 217 F.3d 854 (Fed. Cir. 1999); *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) ("The Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment."). Because

---

[5] The court holds *pro se* plaintiffs to "'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)). "This latitude, however, does not relieve a *pro se* plaintiff from meeting jurisdictional requirements." *Bernard v. United States*, 59 Fed. Cl. 497, 499 (2004), *aff'd*, 98 Fed. Appx. 860 (Fed. Cir. 2004); *see also Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

[6] The court does possess jurisdiction to adjudicate Fifth Amendment takings claims because the Takings Clause is money-mandating. *See* U.S. Const. amend. V (providing compensation in the event that private property is taken for public use). However, as the government correctly noted, "Mr. Hardin's complaint does not allege the physical or regulatory taking of a property interest by the government." Def.'s Mot. at 5. Rather, he claims a denial of due process under the Fifth Amendment, Pl.'s Opp'n at 3-8, which does not provide a sufficient basis for jurisdiction, *LaChance*, 15 Cl. Ct. at 130.

4

the cited Amendments to the United States Constitution are not money-mandating, the court lacks jurisdiction to adjudicate Mr. Hardin's claims based upon those provisions.

Mr. Hardin's statutory claims also are not properly before the court. Mr. Hardin alleges that "[a]ll 'agents' have cooperated in the '[c]onspiracy' to deny [him] his [c]onstitutional [r]ights and have become 'trespassers' under the color of an 'official right' in clear 'racketeering activity' which [Attorney General] Holder operates as his personal domain," Compl. at 7, thus violating federal criminal statutes related to conspiracy and racketeering, see id. at 2-3. This court, however, has no jurisdiction over criminal matters, including those Mr. Hardin seeks to put at issue. *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) ("The court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code."). Mr. Hardin also claims judicial misconduct in violation of 28 U.S.C. § 453 (Oaths of Justices and Judges)[7] and that members of the judiciary have engaged in "total [i]nsurrection" in violation of 10 U.S.C. § 333 (Interference with state and federal law). Compl. at 3.[8] These statutes, however, do not provide an independent right to monetary damages. *Cf. Uzamere v. United States*, No. 10-585C, 2010 WL 3528897, at *3 (Fed. Cl. Sept. 3, 2010) ("Claims for alleged judicial misconduct under 28 U.S.C. § 455 are not money-mandating and therefore cannot serve as a basis for jurisdiction in this court."). Consequently, this court cannot exercise jurisdiction over Mr. Hardin's statutory claims.

Finally, the court has no power to address Mr. Hardin's claim arising under the Geneva Conventions. Mr. Hardin labels his imprisonment and the imprisonment of persons currently confined by the Federal Bureau of Prisons as a "hostage" taking, amounting to a war crime by Attorney General Holder under the Geneva Conventions. Compl. at 6. A statute bars the court's consideration of this claim. Pursuant to 28 U.S.C. § 1502, "the United States Court of Federal Claims shall not have jurisdiction of any claim against the United States growing out of or dependent upon any treaty entered into with foreign nations." The Geneva Conventions consist of treaties and, as such, the court lacks jurisdiction to entertain Mr. Hardin's claims involving such treaties. *See Leyva v. United States*, No. 06-848C, 2007 WL 5181148, at *3 (Fed. Cl. Nov. 28, 2007).

In sum, the court does not have jurisdiction over Mr. Hardin's claims.

---

[7]Mr. Hardin maintains that a violation of 28 U.S.C. § 453 constitutes a breach of contract. Pl.'s Opp'n at 9-10. To assert a contract claim pursuant to the Tucker Act, a plaintiff must have privity of contract with the government. *Chancellor Manor v. United States*, 331 F.3d 891, 899 (Fed. Cir. 2003). Without privity between the plaintiff and the government, the court has no jurisdiction over a claim based on contract. *See id.; see also Katz v. Cisneros*, 16 F.3d 1204, 1210 (Fed. Cir. 1994). Section 453 of Title 28 sets out the statutory oath to be taken by federal justices and judges upon entering office and does not create privity of contract with the United States.

[8]Section 333 of Title 10 (empowering the President to take necessary measures "to suppress, in a State, any insurrection, domestic violence, unlawful combination, or conspiracy" in situations that are not applicable to this case).

### B. *Failure to State a Claim*

In the alternative, the government argues that Mr. Hardin's complaint should be dismissed under RCFC 12(b)(6) for failure to state a claim upon which relief can be granted. Def.'s Mot. at 1. Mr. Hardin's complaint fails to make a facially plausible showing of wrongdoing by the United States. *See Iqbal*, 556 U.S. at 678. It contains numerous assertions against the entire federal criminal system that are wanting in detail and factual support. Ostensibly, Mr. Hardin's claims amount to a collateral challenge of his conviction and incarceration. His "the-defendant-unlawfully-harmed-me-accusation[s]," *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555), are an insufficient basis for relief.

In sum, Mr. Hardin fails to state a claim upon which relief can be granted.

### CONCLUSION

For the reasons stated, the government's motion to dismiss is GRANTED, and Mr. Hardin's complaint is dismissed pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction and, alternatively, pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief can be granted. The clerk shall enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

Charles F. Lettow
Judge